# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHANNA EMM,<br><br>   Petitioner,<br> v.<br><br>ABEL ORTIZ, *et al.*,<br><br>   Respondents. | Case No. 3:19-cv-00058-MMD-CBC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 by Petitioner Johanna Emm comes before the Court on her application to proceed *in forma pauperis* (ECF No. 1).

Emm has not properly commenced this action by filing a properly completed pauper application. Under Local Rule LSR 1-1, an application to proceed *in forma pauperis* must be made on the form provided by the Court. Inherent in the requirement that the applicant use the Court's form is a requirement that the applicant fully and properly complete the form.

The first page of Emm's petition suggests that she is confined in the Lyon County Jail. (ECF No. 1-1 at 1.) However, she attaches a copy of a judgment of conviction filed on October 10, 2018, that sentenced her to 25 days in county jail, gave her credit for 4 days served, and suspended the remaining 21 days "for a period of SIX (6) months, on the condition all fines are paid in full." (*Id.* at 10.) The return address that she provided on her correspondence appears to be a residential address rather than the address of the county jail in Yerington, Nevada. (*See* ECF No. 1-2 at 1.) The same apparently residential

address is used on copies of correspondence and apparent DMV papers attached with the petition, including a copy of an apparent vehicle registration certificate. (ECF No. 1-1, at 9, 18–21.)

Emm's pauper application would be deficient if she were in physical custody, and her application also is not properly completed if she is not in physical custody.

If Emm were in physical custody, she would be required under Local Rule LSR 1-2 to instead use the pauper form required for a person in custody and to attach both a financial certificate from the institution as well as a statement of her inmate account for the prior up to six months.

In the more likely event that Emm is not currently in physical custody, she must fully complete the pauper form for a person not in custody and respond to all inquiries therein. She did not respond to all inquiries in the form. On Question No. 3, she indicated that she receives disability or worker's compensation payments, but she did not respond to the query as to the amount of such payments. She also did not respond to the query in Question No. 4 as to the amount of money held in cash or in a checking or savings account. Emm instead must respond to all inquiries on the form to present a properly completed pauper application.

The pauper application therefore will be denied without prejudice, and this improperly-commenced action will be dismissed without prejudice to the filing of a new action under a new docket number with a properly completed pauper application. It does not appear that a dismissal without prejudice would lead to a promptly-filed new federal action being time-barred under 28 U.S.C. § 2244(d) or otherwise result in substantial prejudice. Less than one year has elapsed since the October 10, 2018, filing date of the judgment of conviction; and it does not appear that a dismissal without prejudice would materially impact the analysis of any issue in a promptly-filed new action pertaining to the requirement of constructive custody for purposes of federal habeas jurisdiction.[1]

---

[1] Emm remains responsible for calculating all applicable state and federal limitations periods and timely and properly seeking appropriate relief in an appropriate court or courts.

2

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice and that this action will be dismissed without prejudice to the filing of a new petition in a new action under a new docket number with either the $5.00 habeas filing fee or a properly-completed pauper application.[2]

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The Clerk of Court will send Petitioner with this order: (a) two copies each of a § 2254 petition form, an inmate pauper application form, a pauper application for a person not in physical custody, and the papers that she submitted in this action; and (b) one copy each of the instructions for each form.

The Clerk will enter final judgment accordingly, dismissing this action without prejudice and closing this action.

DATED THIS 5th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]Dismissal of this action on the basis stated in the text does not imply that the papers and action are free of other substantial defects. *Inter alia*, Emm also did not properly complete the required habeas petition form. She failed to respond to numerous inquiries in the petition form. She must respond to all inquiries in the required pauper and petition forms, including the exhaustion inquiries as to each separate ground. Emm also did not sign the petition form although she signed the verification. She must sign both lines on the petition form. It also is subject to question whether the officer named as respondent is a proper respondent, particularly if Emm is not currently in physical custody. It further appears subject to substantial question whether the claims in the petition have been exhausted through to the highest level of state judicial review. The Fourth Amendment claims asserted further may not be cognizable pursuant to the rule in *Stone v. Powell*, 428 U.S. 465 (1976). Finally, the Court expresses no definitive opinion as to whether Emm was in custody for purposes of federal habeas jurisdiction prior to the filing of this action. It does not appear that analysis of any such issue in a promptly-filed new action would be materially impacted by a dismissal of this action without prejudice.